**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THOMAS SMITH; and PAM SMITH,
husband and wife,

   Plaintiffs–Appellants,

v.

ARGENT MORTGAGE COMPANY,
LLC; WELLS FARGO BANK, N.A.;
HOMEQ SERVICING
CORPORATION; and HOPP &
SHORE, LLC,

   Defendants–Appellees.

Nos. 07-1409, 07-1525, 08-1199
(D.C. No. 1:05-cv-02364-REB-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

These three consolidated appeals arise from the mortgage refinancing of the home of Thomas and Pam Smith (the "Smiths"). In their complaint, the Smiths assert claims (1) against all defendants to quiet title, for a declaratory judgment, and for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; (2) against Argent Mortgage Company for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617; and (3) against HomEq Servicing Corporation and Hopp & Shore, LLC, for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. The Smiths appeal the district court's grant of summary judgment against them on their quiet title, declaratory judgment, RESPA, and all but one of their TILA claims; the post-bench trial ruling against them on their FDCPA and remaining TILA claim; and the district court's grant of attorneys' fees to Hopp & Shore.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

In February 2005, the Smiths executed documents to refinance the mortgage on their home in Silverthorne, Colorado. Argent Mortgage took a security interest in the home and recorded a deed of trust against the property. It later sold the loan to Wells Fargo Bank, N.A. At some point, the Smiths stopped paying the mortgage, and on September 6, 2005, HomEq sent them notice that

---

[1] On appeal, the Smiths do not challenge the district court's grant of summary judgment to HomEq. Accordingly, we omit any further discussion of the Smiths' claims against HomEq.

they had defaulted on the loan.  The Smiths responded on September 15 by sending notice to Argent Mortgage, Wells Fargo, and HomEq that they intended to rescind their mortgage under TILA.  In October, Wells Fargo, through its attorneys, Hopp & Shore, sent the Smiths a notice of debt pursuant to the FDCPA, 15 U.S.C. § 1692g(a).  In November, Wells Fargo filed a foreclosure action in Colorado state court.  The Smiths unsuccessfully sought to remove the foreclosure action to federal district court.

On November 22, 2005, the Smiths filed a verified complaint in federal district court against Argent Mortgage, Wells Fargo, HomEq, and Hopp & Shore alleging ten separate violations of TILA, each of which they claimed should be remedied by rescission of their mortgage.  They also sought to quiet title to the property and to obtain a declaratory judgment that the defendants lacked a secured interest in the home.  The Smiths also brought a claim against Argent Mortgage for violation of the anti-kickback provisions of RESPA, asserting that Argent Mortgage paid a yield spread premium of $7,164 to the mortgage broker for no service other than choosing a loan with a high interest rate.[2]  Finally, they claimed that Hopp & Shore violated the FDCPA by failing to provide them with verification of the debt that it sought to collect even though they timely disputed

---

[2] "[Y]ield spread premiums . . . are fees paid by mortgage lenders to mortgage brokers that are based on the difference between the interest rate at which the broker originates the loan and the par, or market rate, offered by the lender."  Schuetz v. Banc One Mortgage Corp., 292 F.3d 1004, 1005 (9th Cir. 2002).

the debt. Instead, the Smiths allege, Hopp & Shore unlawfully proceeded with debt collection by instituting foreclosure proceedings.

The district dismissed the Smiths' TILA, quiet title, and declaratory judgment claims against Hopp & Shore. In a separate order, the court granted summary judgment in favor of Argent Mortgage and Wells Fargo on the Smiths' quiet title, declaratory judgment, and RESPA claims, along with nine of the Smiths' ten TILA claims, against those defendants. The court denied the Smiths' motion for summary judgment against all defendants. The Smiths appealed the district court's summary judgment orders in Case No. 07-1409.

From November 6 to 8, 2007, the district court held a bench trial on the two remaining issues: (1) the TILA claim against Argent Mortgage and Wells Fargo on the basis that the Smiths were not provided two copies each of a Notice of Right to Cancel (the "Notice") at closing, as required by § 1635(a) and 12 C.F.R. § 226.23(b)(1); and (2) the FDCPA claim against Hopp & Shore. The Smiths proceeded pro se. Mrs. Smith appeared at trial in person, and Mr. Smith, who was recovering from shoulder surgery, appeared by telephone for part of the trial but presented no evidence. After the Smiths rested, the district court granted Argent Mortgage's and Wells Fargo's oral motion to dismiss the husband's TILA claim and Hopp & Shore's oral motion to dismiss the FDCPA claim. It proceeded to hear Argent Mortgage's and Wells Fargo's TILA evidence regarding Mrs. Smith.

Upon conclusion of trial, the district court entered findings of fact and conclusions of law against the Smiths on both claims. With respect to the TILA claim, the court found that it was more likely than not that Argent Mortgage provided Mr. and Mrs. Smith each with two copies of the Notice at the closing. Alternatively, the court determined that the Smiths would not be entitled to rescission even if they had sustained their burden to show a TILA violation because they did not have the means to repay Wells Fargo the proceeds of the loan. With respect to the FDCPA claim, the court concluded that the Smiths had not proved that they challenged the debt within the 30-day time-period prescribed by the FDCPA, 15 U.S.C. § 1692g(b), because they presented no evidence on point. Absent such a challenge, Hopp & Shore had no duty to provide verification of the debt. The Smiths then appealed these determinations in Case No. 07-1525.

After obtaining judgment in their favor, Hopp & Shore moved for attorneys' fees pursuant to § 1692k(a)(3). The district court granted the motion, finding that the Smiths acted in bad faith, and awarded fees in the amount of $18,601. The Smiths filed a third notice of appeal on the attorneys' fees issue in Case No. 08-1199.

## II

We consider numerous arguments on appeal. The Smiths challenge the district court's summary judgment rulings on the grounds that (1) the district

court should not have decided the quiet title and declaratory judgment claims on summary judgment because the question of title depended on the outcome of the TILA rescission claim and (2) the district court should have granted summary judgment to them on their RESPA claim against Argent Mortgage because there was no admissible evidence that the mortgage broker had provided any compensable services in exchange for the yield spread premium.[3]

As for the final judgment, we are told (1) that the district court lacked jurisdiction to hold a trial and (2) that the court abused its discretion in denying a trial continuance to accommodate Mr. Smith's recovery from shoulder surgery. We are also urged to conclude (1) that the Scheduling Order included an "undisputed fact" stating that only two copies of the Notice had been provided, which should have been treated as an admission by the defendants; (2) that the district court's finding that the Smiths had been provided with copies of the Notice was based in part upon inadmissible evidence; (3) that the district court erred in finding Mrs. Smith not credible; and (4) that the court found against Mr. Smith based solely on his failure to testify at trial. This claimed error is amplified by the contentions that the court erroneously relied upon inadmissible

---

[3] The Smiths also seek to argue that the district court should have granted them summary judgment on the two claims that went to trial. "[D]enial of summary judgment based on factual disputes is not properly reviewable on an appeal from a final judgment entered after trial." Haberman v. Hartford Ins. Group, 443 F.3d 1257, 1264 (10th Cir. 2006). Because the Smiths are proceeding pro se, however, we liberally construe these arguments as asserting that the district court erred in finding against them after trial.

affidavits of Robert J. Hopp in resolving the FDCPA claim and that the fee award to Hopp & Shore was excessive.[4]

Because the Smiths are proceeding pro se, we liberally construe their appellate filings. See Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003). Under this standard, "we make some allowances for the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements, [but we] cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quotation and alterations omitted).

---

[4] In addition, the Smiths assert that they did not receive due process because both the magistrate judge and the district court judge were biased against them throughout the proceedings. Upon our review of the record, however, we conclude that the Smiths cannot meet the "heavy burden" required to show judicial bias by either judge. Topeka Hous. Auth. v. Johnson, 404 F.3d 1245, 1248 (10th Cir. 2005). The Smiths contend that the magistrate judge was biased because he stated that he did not think they should receive their home free and clear due to a bad paper shuffle. But the Supreme Court has held that "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display" will not show bias "unless they display a deep-seated favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555-56 (1994). The judge's comments, which express a disagreement with the governing statute, do not meet this standard. As for the district judge, the Smiths' accusations of bias are grounded primarily in the judge's rulings against them, which almost never demonstrate partiality requiring a judge's recusal, id. at 555, and do not demonstrate bias in this case.

**A**

We begin with those issues decided against the Smiths at the summary judgment stage. We review the district court's summary judgment decision de novo, applying the same legal standards used by the district court. ClearOne Commc'ns, Inc. v. Nat'l Union Fire Ins. Co., 494 F.3d 1238, 1243 (10th Cir. 2007). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Smiths first contend that the quiet title and declaratory judgment claims should not have been decided on summary judgment because the question of title depended on the outcome of their request for rescission under TILA, which was decided at trial. Had they prevailed at trial on the sole TILA claim that survived summary judgment, they assert the district court would have been required to quiet title in their favor. We do not address this issue because the Smiths did not prevail on their TILA claim at trial and we conclude that the district court's decision on that claim should be affirmed. Any error by the district court on this score was harmless. See Fed. R. Civ. P. 61.

Regarding their RESPA claim, the Smiths argue that the district court erred in granting summary judgment to Argent Mortgage and instead should have granted summary judgment in their favor because there was no admissible

evidence that the mortgage broker had provided any compensable services in exchange for the alleged yield spread premium of $7,164. The district court granted Argent Mortgage's motion for summary judgment on this claim because the Smiths failed to present any evidence of a RESPA violation in the first instance.

Under RESPA, "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a). But RESPA permits "the payment of a fee . . . by a lender to its duly appointed agent for services actually performed in the making of a loan" and "the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed." § 2607(c)(1)(C), (c)(2). We have carefully reviewed the record and agree with the district court that the plaintiffs failed to produce any evidence that the $7,164 fee was a kickback. See Culpepper v. Irwin Mortgage Corp., 491 F.3d 1260, 1273-74 (11th Cir. 2007). Accordingly, the district court properly granted summary judgment to Argent Mortgage on this claim.

**B**

**1**

As to their loss at trial, the Smiths argue that the district court lacked jurisdiction after appeal No. 07-1409 had been filed with this court. Although a district court is ordinarily divested of jurisdiction over a proceeding once an appeal is filed, <u>Warren v. Am. Bankers Ins.</u>, 507 F.3d 1239, 1242 (10th Cir. 2007), this rule applies only if the appellate court in fact takes jurisdiction. Although the Smiths filed appeal No. 07-1409 immediately after the summary judgment ruling, we informed them by order entered October 3, 2007 that we apparently lacked jurisdiction over the appeal because the summary judgment order did not dispose of all claims and no certification had been issued by the district court. <u>See</u> Fed. R. Civ. P. 54(b). We took jurisdiction over appeal No. 07-1409 only after the district court entered judgment on the remaining claims following trial. Accordingly, the district court was not divested of jurisdiction at the time the Smiths filed appeal No. 07-1409 and did not err by proceeding with trial.

Next, the Smiths contend the district court should have rescheduled trial to accommodate Mr. Smith's recovery from shoulder surgery and Mrs. Smith's need to care for him during that time. We review the district court's denial of a trial continuance for an abuse of discretion. <u>Rogers v. Andrus Transp. Servs.</u>,

502 F.3d 1147, 1151 (10th Cir. 2007). In determining whether the court abused

its discretion, we will consider a number of factors, including:

> the diligence of the party requesting the continuance; the likelihood
> that the continuance, if granted, would accomplish the purpose
> underlying the party's expressed need for the continuance; the
> inconvenience to the opposing party, its witnesses, and the court
> resulting from the continuance; the need asserted for the continuance
> and the harm that appellant might suffer as a result of the district
> court's denial of the continuance.

Id. (quotation omitted).

We conclude the district court did not abuse its discretion here. The Smiths

filed their request for a continuance two weeks before trial despite having known

the trial date for several months. "Of course, any continuance granted practically

on the eve of trial inevitably will disrupt the schedules of the court, the opposing

party, and the witnesses who have been subpoenaed or who have voluntarily

arranged their schedules to attend the trial." United States v. Rivera, 900 F.2d

1462, 1475 (10th Cir. 1990). The Smiths did not seek a continuance of any

particular duration; a postponement in the face of this uncertainty would have

inconvenienced the court and the defendants. Further, the Smiths fail to indicate

what additional evidence they would have presented had they obtained a

continuance. Finally, the court limited any potential prejudice by permitting

Mr. Smith to appear by telephone. We see no abuse of discretion on these facts.

-11-

**2**

Several of the Smiths' challenges on appeal focus on the district court's rejection of their TILA claim following trial. Initially, the Smiths argue that the undisputed facts listed in the district court's pretrial Scheduling Order should be treated as admissions by Argent Mortgage and Wells Fargo under Federal Rule of Evidence 801(d)(2)(A), (B), (C), or (D). The "undisputed facts" section of the Order states that Mr. and Mrs. Smith each received one copy of the Notice of Right to Cancel at closing. The Smiths contend that the court was required to treat this fact as a judicial admission and to grant summary judgment in their favor based on TILA's requirement that each borrower receive two copies of the Notice.

The Final Pretrial Order conflicted with the Scheduling Order on this point, however, reflecting the defendants' otherwise consistent assertion that both Mr. and Mrs. Smith received two copies of the Notice. The Final Pretrial Order listed only one stipulation of fact—that the Smiths were the owners of the property at issue—and expressly stated that the number of copies of the Notice provided to the Smiths would be at issue at trial. It also provided that "[t]he pleadings will be deemed merged herein [and] [t]his Final Pretrial Order supersedes the Scheduling Order." Prior to entry of the Final Pretrial Order, Argent Mortgage and Wells Fargo contested this "undisputed fact" explaining that they "agreed with Plaintiffs' proposed stipulation" only because they "view[ed] it

as an agreement concerning the minimum number of Notices that had been received."

"Judicial admissions are formal, deliberate declarations which a party or his attorney makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute." U.S. Energy Corp. v. Nukem, Inc., 400 F.3d 822, 833 n.4 (10th Cir. 2005) (quotation omitted). "Where, however, the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight." Sicor Ltd. v. Cetus Corp., 51 F.3d 848, 859-60 (9th Cir. 1995). The Smiths ask us to conclude that the "undisputed facts" section of the Scheduling Order constituted such a formal declaration, despite its omission from the Final Pretrial Order and the defendants' subsequent explanation that they did not intend the admission in the first place.

It is settled that a pretrial order is generally the determinative document for purposes of setting forth the disputed fact issues to be decided at trial. 6A Charles Alan Wright, Arthur R. Miller & May Kay Kane, Federal Practice and Procedure § 1522 at 220-21 (2d ed. 1990) ("[T]he pretrial order is treated as superseding the pleadings and establishing the issues to be considered at trial."); see also Wilson v. Muckala, 303 F.3d 1207, 1215 (10th Cir. 2002) ("[T]he pretrial order is the controlling document for trial." (quotation marks omitted)). Considering defendants' explanation of the error and exclusion of the "undisputed

-13-

fact" from the Final Pretrial Order, we are convinced that the district court did not err in declining to treat the purported admission as binding.

It is contended that the evidence presented at trial showed that neither of the Smiths received two copies of the Notice at closing. Accordingly, the Smiths contend they should have been allowed to rescind their mortgage. TILA provides that each borrower must receive two copies of a notice of the right to rescind the mortgage within a certain period after closing. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(1). If proper notice is not provided, the right to rescind survives for three years from the consummation of the transaction. 12 C.F.R. § 226.23(a)(3).

The district court found that it was more likely than not that Argent Mortgage provided Mr. and Mrs. Smith each two copies of the Notice at the closing.[5] "Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and [we] must give due regard to the trial court's opportunity to judge the witnesses' credibility." Fed. R. Civ. P. 52(a)(6). "A finding of fact is not clearly erroneous unless it is without factual support in the record, or unless the court after reviewing all the evidence, is left with a definite and firm conviction that the district court erred." United States v.

_____

[5] Alternatively, the court concluded that even if they had not received the requisite number of copies, the Smiths were not entitled to rescission because they were unable to pay Wells Fargo the proceeds of the loan. We do not reach this alternative conclusion. Although other circuits have adopted this equitable restriction on a borrower's rescission right under TILA, e.g., Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1171-73 (9th Cir. 2003); Williams v. Homestake Mortgage Co., 968 F.2d 1137, 1140 (11th Cir. 1992), we have not done so.

-14-

Jarvison, 409 F.3d 1221, 1224 (10th Cir. 2005) (quotations omitted). We review the district court's conclusions of law de novo. State Ins. Fund v. Ace Transp. Inc., 195 F.3d 561, 564 (10th Cir. 1999). In doing so, we "apply[] the same standard that the trial court would apply in making its initial ruling." Id.

The Smiths' sole evidence that they did not receive the requisite four copies was Mrs. Smith's trial testimony, which consisted in its entirety of the following statement:

> [D]id Tom and I receive four copies of Notices of Right to Cancel in a form that the consumer can keep. The answer is no. . . . [D]id Tom and I mail Notice of Rescission within three years of closing. The answer is yes.

On cross-examination, Mrs. Smith admitted that she did not know how many copies of the Notice Mr. Smith received. Argent Mortgage entered into evidence several copies of the Notice which it retained,[6] provided a copy of the instructions

---

[6] We agree with the Smiths that language on the Notice stating that "the undersigned each acknowledge receipt of two copies of the Notice of Right to Cancel" could reasonably be understood to mean either that Mr. and Mrs. Smith acknowledged having received two copies apiece, for a total of four copies, or that Mr. and Mrs. Smith acknowledged having received two total copies. Accordingly, we do not apply a presumption of receipt as 15 U.S.C. § 1635(c) requires when a borrower signs language unambiguously indicating receipt of the correct number of copies. Nonetheless, for the reasons discussed below, we conclude that the district court did not clearly err in finding that four copies were provided.

We further note, contrary to the Smiths' assertion, that the court did not violate the rules of evidence in admitting Argent Mortgage's copies of the signed Notice in lieu of the originals. "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in

(continued...)

from the Smiths' closing, and presented testimony from an Argent Mortgage employee, Tami Carnes, who authenticated these instructions. The instructions state that each borrower is to receive two copies of the Notice, and Mrs. Carnes testified that more than four copies of the Notice were provided to the closing agent. Mrs. Carnes also testified that under Argent Mortgage procedures, issuance of a loan was conditioned on receipt of a document executed by the closing agent stating that the agent had followed these instructions, and that the Smiths' loan file contained such an executed copy.

The district court made an explicit factual finding that Mrs. Smith's testimony was not credible based in part upon her evasive and defensive demeanor and concluded that the preponderance of the evidence weighed in favor of Argent Mortgage. Under Rule 52(a), we give great deference to the district court's credibility findings. See Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985) ("[O]nly the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said."). Upon review of the trial transcript, we cannot say that its conclusion was clearly erroneous.[7]

---

[6](...continued)
lieu of the original." Fed. R. Evid. 1003.

[7] The Smiths apparently take issue with the court's couching of its credibility finding in comparative language. The court stated that it found Ms. Carnes' testimony to be more credible that Mrs. Smith's. We see no error in

(continued...)

-16-

Regarding Mr. Smith's receipt of the requisite two copies, we reach the same conclusion. Mr. Smith appeared at trial by telephone but presented no testimony or other evidence. Morever, Mrs. Smith did not testify as to the number of copies of the Notice Mr. Smith received. Argent Mortgage's evidence that its closing instructions required two copies to each borrower and that the closing agent signed a document claiming to having followed these instructions was the only evidence on this issue. Accordingly, the court did not clearly err in finding that Mr. Smith received two copies. Contrary to the Smiths' assertion, the district court did not find against Mr. Smith simply because he did not appear in person or testify at trial; rather, the court based its conclusion on the little evidence that was presented. We affirm the entry of judgment against the Smiths on their TILA claim.

**3**

Our attention turns to entry of judgment by the court on the FDCPA claim that proceeded to trial. The district court orally granted Hopp & Shore's motion to dismiss this claim during trial. Arguing that the affidavits of Mr. Hopp were not admissible, the Smiths assert that Hopp & Shore presented no evidence and that the dismissal was improper.

---

[7](...continued)
this means of expressing the court's findings.

We conclude Hopp & Shore did not bear the burden of proving when the Smiths disputed the debt at issue. A debt collector's duty to verify a debt arises only if the consumer disputes the debt "in writing within [a] thirty-day period." 15 U.S.C. § 1692g(b). After trial, the court determined that the Smiths had not presented any evidence that they disputed the debt. Based on the Smiths' failure of proof on this point, the court decided that Hopp & Shore had no duty to provide them with verification of the debt. Having reviewed the court's factual findings for clear error and its legal conclusions de novo, see Fed. R. Civ. P. 52(a)(6); State Ins. Fund, 195 F.3d at 564, we affirm.

## C

Finally, the Smiths challenge the district court's award of attorneys' fees to Hopp & Shore, asserting that an award of $18,601 was excessive because the FDCPA claim was straightforward and rested on a single factual dispute: whether the Smiths sent a letter disputing the debt.[8] We disagree.

The FDCPA provides for an award of attorneys' fees if the district court finds that the action was brought in bad faith or for the purpose of harassment. 15 U.S.C. § 1692k(a)(3). Because the district court found that the Smiths acted in

---

[8] In addition, the Smiths contend that Hopp & Shore failed to consider settling the FDCPA claim through alternative dispute resolution, as required by District of Colorado Local Civil Rule 16.6. However, the Final Pretrial Order indicates that the parties considered alternative dispute resolution consistent with the local rule.

bad faith we discern a lack of error. During the two years between the time the Smiths filed the case and it was tried, they

> actively litigated this case, filing numerous motions and disputing nearly every position taken by Hopp & Shore and the other defendants. The [Smiths] indicated in their filings with the court that they understood the factual and legal bases of their FDCPA claim. After two years of active litigation, the [Smiths] brought their case to trial and presented absolutely no evidence to support their FDCPA claim. The fact that the [Smiths] understood their FDCPA claim, litigated that claim for two years, but came to trial with no evidence to support that claim indicates strongly that the [Smiths'] primary purpose in litigating this claim was not to obtain a favorable judgment on the claim. Rather, the [Smiths'] actions concerning their FDCPA claim support strongly the inference that the [Smiths] brought their FDCPA claim with the primary purpose of harassing Hopp & Shore. The record contains also strong indications that the [Smiths] pursued this litigation, including the FDCPA claim, with the goal of delaying foreclosure and other collection actions against them. On this record, I find that the [Smiths] brought and litigated their FDCPA claim against Hopp & Shore for the purposes of harassment and delay. Pursuing litigation with the primary purposes of delay and harassment constitutes bad faith.

We review the district court's finding on the issue of bad faith for clear error and the court's resultant decision to grant attorneys' fees under the FDCPA for abuse of discretion. See Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 96 (2d Cir. 2008); Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 933 (9th Cir. 2007); Horkey v. J.V.D.B. & Assocs., Inc., 333 F.3d 769, 774 (7th Cir. 2003). Applying these standards to the record before us, we conclude that the district court did not clearly err in finding that the Smiths acted in bad faith.

Nor did the court abuse its discretion in concluding that this bad faith supported an award.[9]

Additionally, we conclude that the amount of fees awarded, $18,601, was not excessive. We review the amount of a fee award for abuse of discretion. Anderson v. Sec'y of Health & Human Servs., 80 F.3d 1500, 1504 (10th Cir. 1996) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). The FDCPA claim had been pending in the district court for over two years with numerous pleadings and motions filed. Upon our review of the record, the district court did not abuse its discretion in concluding that the amount awarded bore a reasonable relation to the work required to defend the claim.

## III

We conclude that the Smiths cannot prevail on appeal on any of their arguments and reject as meritless any arguments made by the Smiths that we have not specifically addressed. The judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[9] In its appellate brief, Hopp & Shore also requests attorneys' fees and costs incurred in this appeal pursuant to Fed. R. App. P. 38, contending that this appeal is frivolous and vexatious. Under Rule 38, however, a request for attorneys' fees must be made in a separately filed motion. Accordingly, we deny the request.