FILED
United States Court of Appeals
Tenth Circuit

June 27, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JENNIE L. KRAEMER,

     Plaintiff - Appellant,

v.

FOX HILLS OWNERS ASSOCIATION;
FH RESORT LIMITED PARTNERSHIP,
f/k/a Fox Hills Resorts; JOHN F. MAYER;
NASH, SPINDLER, GRIMSTAD &
MCCRACKEN LLP; VIAL
FOTHERINGHAM LLP,

     Defendants - Appellees.

No. 16-1373
(D.C. No. 1:15-CV-02189-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

    This pro se appeal stems from a dispute over timeshare fees that originated in

Wisconsin state court in 2010. After a default judgment was entered against her,

plaintiff-appellant Jennie L. Kraemer began a multi-state, multi-venue attack on the

judgment. The Wisconsin state courts have three times rejected her efforts to vacate

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the default judgment, and the Colorado state courts have three times explained that Ms. Kraemer's collateral attacks on the Wisconsin judgment under various legal theories are meritless.

Undeterred, Ms. Kraemer filed a pro se complaint in federal district court, alleging that defendants-appellees Fox Hills Owners Association; FH Resort Limited Partnership, f/k/a Fox Hills Resorts; John F. Mayer; and Nash, Spindler, Grimstad & McCracken LLP (collectively "Fox Hills") violated the Fair Debt Collections Practices Act ("FDCPA"). She later amended the complaint to bring FDCPA claims against defendant-appellee Vial Fotheringham LLP ("Vial"). Both Fox Hills and Vial moved to dismiss the claims against them, and the district court granted those motions. Fox Hills and Vial then both moved for attorneys' fees.

The district court initially awarded attorneys' fees to Fox Hills, but denied Vial's request because Vial had failed to properly substantiate the fees requested in the motion. Vial moved for reconsideration of the denial of attorneys' fees with proper support for its request for fees. The district court granted the motion for reconsideration, awarded attorneys' fees to Vial, and entered an amended judgment reflecting the award of fees to Vial. Ms. Kraemer then filed a motion for reconsideration of the fee award to Vial. The district court denied that motion and, shortly thereafter, Ms. Kraemer filed a notice of appeal.[1]

---

[1] Because Ms. Kraemer is proceeding pro se, we liberally construe the arguments in her appellate briefs, but we do not act as her advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

We first address the scope of this appeal and our jurisdiction. The Federal Rules of Appellate Procedure provide that "[t]he notice of appeal must . . . designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). And we have explained that "Rule 3(c)(1)(B)'s designation requirement is jurisdictional." *Williams v. Akers*, 837 F.3d 1075, 1078 (10th Cir. 2016). Ms. Kraemer's notice of appeal designated three district court orders dated July 29, 2016 (granting Vial's motion for reconsideration and awarding fees), August 1, 2016 (entering amended judgment reflecting award of fees to Vial), and September 6, 2016 (denying Ms. Kraemer's motion for reconsideration of the July 29 order). R., Vol. 3 at 230. We have jurisdiction only to review the orders designated in the notice of appeal. *See Navani v. Shahani*, 496 F.3d 1121, 1133 (10th Cir. 2007); *Averitt v. Southland Motor Inn*, 720 F.2d 1178, 1180 (10th Cir. 1983). Ms. Kraemer's pro se status does not excuse her obligation to comply with the fundamental requirements of the Federal Rules of Appellate Procedure. *See Yang*, 525 F.3d at 927 n.1. The scope of this appeal is therefore limited to the three orders designated in Ms. Kraemer's notice of appeal, which all relate to the fee award in favor of Vial.[2]

---

[2] We also note that any appeal of the district court's disposition on the merits of Ms. Kraemer's claims is untimely. The district court entered judgment on the merits on April 8, 2016. Ms. Kraemer's time to appeal from that judgment expired on June 6, 2016 (thirty days after May 5, 2016, when the district court denied her timely-filed motion under Fed. R. Civ. P. 59(e)). *See* Fed. R. App. P. 4(a)(1)(A), (a)(4)(iv). Accordingly, Ms. Kraemer's notice of appeal filed on September 12, 2016 is untimely as to the merits judgment. This provides an additional jurisdictional basis not to reach any of Ms. Kraemer's arguments that relate to merits issues. *See Bowles v. Russell*, 551 U.S. 205, 213 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

3

As Vial explained in its motion for attorneys' fees, it has played a limited role in the longstanding dispute between Ms. Kraemer and Fox Hills. It first became involved five years after the dispute began. At that time, Vial entered its appearance in Denver County District Court on behalf of Fox Hills, who had secured a court order awarding costs and attorneys' fees in their favor. To assist Fox Hills with collecting its award, Vial filed a Writ of Continuing Garnishment against Ms. Kraemer. The Denver County District Court approved and issued the Writ the next day, and Vial served the Writ on the garnishee (Ms. Kraemer's employer). The employer then notified Ms. Kraemer of the garnishment. Vial noted that all of these actions were taken in compliance with the Colorado Rules of Civil Procedure.

Vial argued in its motion for fees that Ms. Kraemer filed her FDCPA claim regarding its actions in the garnishment proceedings even though the Denver County District Court had previously dismissed a virtually-identical FDCPA claim that Ms. Kraemer had brought against Fox Hills with respect to their garnishment of her wages to satisfy her original debt to them. Vial asserted that Ms. Kraemer brought her FDCPA claim in bad faith because she knew after the earlier ruling that the FDCPA does not apply to a procedurally proper service of a Writ of Continuing Garnishment. Vial further explained that after filing her meritless FDCPA claim, Ms. Kraemer actively litigated the case by filing multiple baseless motions, which showed that she was using the lawsuit for the purposes of harassment.

The FDCPA provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may

4

award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). In its initial decision on attorneys' fees,[3] the district court noted that Ms. Kraemer continued to dispute the debt underlying the default judgment as well as the validity of the default judgment itself, even though she had lost these arguments in state courts in Wisconsin and Colorado. Because her federal case "repeats in a new forum many of the legal arguments rejected in" the earlier cases in the Wisconsin and Colorado state courts, the court found that Ms. Kraemer brought the case in bad faith. R., Vol. 3 at 118. The district court also noted that "[Ms. Kraemer] has continuously and relentlessly refused to cooperate, has defamed Defendants and their attorneys on the internet, has filed complaints with various regulatory authorities against Defendants and their attorneys, and has otherwise harassed Defendants and their attorneys." *Id.* Given these circumstances, the court found that Ms. Kraemer brought this case for the purpose of harassment.

"We review the district court's finding on the issue of bad faith for clear error and the court's resultant decision to grant attorneys' fees under the FDCPA for abuse of discretion." *Smith v. Argent Mortg. Co.*, 331 F. App'x 549, 559 (10th Cir. 2009). Ms. Kraemer has failed to show that the district court clearly erred in finding that she brought this action against Vial in bad faith or that the district court abused its discretion in awarding fees to Vial.

---

[3] In its order granting Vial's motion for reconsideration and awarding fees, the district court explained that it was "incorporate[ing] herein the factual findings and legal standards for awarding and substantiating attorneys' fees, as set forth in its previous order." R., Vol. 3 at 205

Ms. Kraemer raises two challenges on appeal to the district court's award of fees. First, she asserts that the district court erred in finding that she brought the case in bad faith because the district court also found that her claim had "some form of merit." Aplt. Br. at 3. This assertion was raised in her motion for reconsideration and is based on the district court's initial screening of the complaint and its order appointing pro bono counsel on November 23, 2015. In the November 23 order, the district court found that Ms. Kraemer had satisfied the four factors for appointment of counsel, including "the potential merit of the claims or defenses of the unrepresented party." R., Vol. 1 at 423. But the district court's decision at that preliminary stage in the proceedings to appoint counsel because of the "potential merit of the claims" does not demonstrate that the district court subsequently erred in finding that Ms. Kraemer's FDCPA claim against Vial was filed in bad faith. The district court issued its appointment order[4] the same day that Vial filed its motion to dismiss, so the court had not yet had an opportunity to consider the history of the case, Vial's involvement in it, and the actual merits of Ms. Kraemer's FDCPA claim.

Second, Ms. Kraemer contends that she offered to enter into arbitration on November 2, 2015, and this "makes clear that [she] did not engage in unreasonable and vexatious conduct." Aplt. Br. at 3. Ms. Kraemer points to no evidence in the record demonstrating that she made any offer of arbitration, and we see no reference to such an offer in the pleadings or the district court's orders. Even assuming,

---

[4] The district court initially selected counsel for Ms. Kraemer, but that attorney subsequently declined the appointment. Ms. Kraemer ultimately proceeded pro se throughout the district court proceedings.

6

however, that she did make such an offer it does not negate the fact that she filed a meritless action and then proceeded to harass Vial with baseless motions and other inappropriate conduct during the pendency of the litigation.[5]

We see no clear error in the district court's findings that Ms. Kraemer filed her FDCPA claim against Vial in bad faith and for the purpose of harassment. Likewise, we see no abuse of discretion in the district court's decision to award attorneys' fees and costs to Vial pursuant to 15 U.S.C. § 1692k(a)(3). Accordingly, we affirm the district court's judgment.

We deny Ms. Kraemer's motion to proceed in forma pauperis on appeal. We remind her that she is obligated to pay her filing fee in full. We also deny Fox Hills and Vial's joint motion for damages and costs pursuant to Fed. R. App. P. 38. Our denial of their Rule 38 motion is without prejudice to Fox Hills and Vial seeking costs in accordance with Fed. R. App. P. 39.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[5] The district court noted in its initial order on fees that Ms. Kraemer's "conduct has been particularly egregious as directed toward Defendant Vial Fotheringham." R., Vol. 3 at 120.

7