FILED
United States Court of Appeals
Tenth Circuit

October 5, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ERIC MARSHALL,

        Plaintiff-Appellant,

v.

KEVIN ESTEP, Warden/Director
(CMRC); ARISTEDES W.
ZAVARAS, Executive Director
(CDOC),

        Defendants-Appellees.

No. 10-1120
(D.C. No. 1:09-CV-00105-PAB-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **PORFILIO** and **BRORBY**, Senior Circuit
Judges.

---

Eric Marshall appeals pro se from the district court's dismissal of his civil-

rights action because of his failure to comply with court orders. Exercising

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction under 28 U.S.C. § 1291, we affirm. We also deny Mr. Marshall's application to proceed on appeal without prepayment of the filing fee.

*Background*

Mr. Marshall is a prisoner incarcerated in a Colorado state correctional facility. He filed a prisoner civil-rights complaint and a motion under 28 U.S.C. § 1915 to be permitted to proceed in the district court without prepayment of the filing fee. A magistrate judge granted that motion on January 16, 2009, and ordered him to "make monthly payments to the Court of twenty percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment." Suppl. R. at 11. In order to show cause, Mr. Marshall was required to file "a current certified copy of his trust fund account statement." *Id.* And the magistrate judge advised that in the event he failed to pay or show cause each month, his action would be dismissed without prejudice without further notice.

Mr. Marshall did not make a partial filing-fee payment, or show cause why he could not do so, in January, February, March, and April 2009. On May 21, 2009, the magistrate judge issued an order to show cause, finding that Mr. Marshall had failed to make monthly filing-fee payments or to file his account statements, as required by the court's January 21, 2009 order. The show-cause order required him, by June 19, 2009, to make his past-due monthly payments or show cause why he could not do so. It stated further, "It is not

-2-

acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the court through an order to pay or show cause." R. at 101. The order also advised him that "making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment." R. at 102. And it warned that if he failed to comply with the monthly pay-or-show-cause requirements, the magistrate judge would recommend that his case be dismissed.

On May 29, 2009, Mr. Marshall filed an account statement showing a negative balance in his account for the period from November 2008 through May 20, 2009. He did not explain his failure to file his account statements in the preceding months. He filed two more account statements for the months of May and June 2009, which again indicated negative account balances. He did not make monthly payments or file account statements for July or August, nor did he file anything with the court explaining his failure to do so. On October 21, 2009, he filed an account statement showing a negative balance for August and September 2009. But he still failed to submit a payment or an account statement for July 2009. And he again provided no explanation for his continued failure to comply with the court's pay-or-show-cause orders.

On October 22, 2009, the magistrate judge recommended dismissal of Mr. Marshall's case without prejudice under Fed. R. Civ. P. 41(b) and D.C.COLO.LCivR 41.1, based on his failure to comply with the court's January

21 and May 21, 2009 orders. Rule 41(b) provides in relevant part: "If the plaintiff fails . . . to comply with [court] rules or a court order, a defendant may move to dismiss the action or any claim against it." We have held that a district court may dismiss a case sua sponte under Rule 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (dismissing sua sponte under Rule 41(b) for failure to prosecute). Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

In considering whether dismissal was appropriate in this case, the magistrate judge applied the *Ehrenhaus* factors: "(1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and, (5) whether a lesser sanction would be effective." *Cosby v. Meador*s, 351 F.3d 1324, 1333 (10th Cir. 2003); *see Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). He found that any prejudice suffered by the defendant was minimal and insufficient on its own

to support dismissal.[1]  As to interference with the judicial process, the magistrate

judge stated:

> [T]he plaintiff's continued failure to comply with court orders
> has caused disruption in my docket.  Rather than attending to the
> merits of this case and other cases, I have been required to devote
> attention to this plaintiff's failure to comply with court orders and
> §1915(b). . . .  [T]he plaintiff's failure to comply . . . demonstrates a
> lack of respect for the judicial process and the law; it undermines the
> uniform application of the rules towards *in forma pauperis* litigants,
> many of whom comply with their obligations; and it substantially
> interferes with the ability of the Court to exercise its case
> administration authority.  Where, as here, a party flaunts a court's
> orders, the fundamental mechanism by which justice is administered
> is harmed.

R. at 140–41.  The magistrate judge also found that plaintiff alone was

responsible for his noncompliance, he had ample warning that his case would be

dismissed if he failed to comply, and no sanction less than dismissal would be

effective.

Mr. Marshall argued in opposition to the magistrate judge's

recommendation that he had no funds to make the monthly partial payments.  And

he asserted that his monthly requests for account statements were sometimes

denied because he could not pay the copying fee of $.25 per page, and at other

_____

[1]     The judge did, however, make the following perceptive observation:
"[T]he purpose behind requiring prisoners to pay their filing fees is to deter
frivolous prisoner litigation.  Defendants, like the courts, are burdened by
frivolous civil rights cases.  Thus, civil rights defendants certainly are affected by
noncompliance with filing rules that seek to decrease frivolous litigation."  R. at
140 n.1 (citation omitted).

times the accounting department did not send them[2] until he filed a grievance. The district court adopted the magistrate judge's analysis in its entirety and dismissed Mr. Marshall's case. The court also observed that the account statements that he filed appeared to reflect debits for canteen purchases and four court filing fees in another case, despite his negative balances; and the court noted that after the magistrate judge filed his recommendation, Mr. Marshall missed another monthly deadline to pay or show cause in January 2010.

Mr. Marshall filed a notice of appeal and an application to proceed on appeal without prepayment of fees. The district court denied his application, finding that his appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**Standard of Review**

"We review for an abuse of discretion the district court's decision to impose the sanction of dismissal for failure to follow court orders . . . ." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002). "An abuse of discretion occurs when a district court makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances. This occurs when a district court relies upon an erroneous conclusion of law or upon clearly erroneous findings of fact." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d

---

[2]     It is unclear whether Mr. Marshall was claiming that prison officials had failed to send the account statements to him, or had failed to send them to the district court. *See* R. at 143, ¶ 3 (claiming that each month he "put" a certified account statement with an accompanying motion).

1135, 1143 (10th Cir. 2007) (citation, internal quotation marks, and brackets omitted). We construe plaintiff's pro se arguments liberally. *See de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007).

**Discussion**

On appeal Mr. Marshall appears to challenge the district court's application of the second and third *Ehrenhaus* factors. Regarding the second factor, he argues that his failure to comply with the court's orders did not sufficiently interfere with the judicial process to warrant dismissal. We disagree. In *Cosby v. Meadors*, 351 F.3d 1324, 1327–28 (10th Cir. 2003), the district court had entered a similar order requiring the plaintiff to make monthly payments or show cause why he could not do so by filing his account statements. We affirmed dismissal based on the plaintiff's violation of that order, emphasizing that

> [t]he issue here is not money per se. The amounts at stake . . . might not seem significant to some outside prison walls. The issue, rather, is respect for the judicial process and the law. Plaintiff must lose his right to pursue his claim in court because of his utter unwillingness to make the minor sacrifices required by statute and by the repeated directives of a patient district court.

*Id.* at 1326. We likewise conclude that the district court did not abuse its discretion in finding that Mr. Marshall's repeated noncompliance with its orders interfered with its ability to exercise its case-administration authority to a degree that warranted dismissal of his action.

With respect to the third *Enrenhaus* factor—his culpability—Mr. Marshall makes two arguments. First, he contends that he never had sufficient funds to pay the filing fee, as evidenced by the negative balances shown in the account statements that he eventually filed with the district court. Second, he maintains that he was unable to obtain his account statements from prison officials. He asserts that while he was in administrative segregation and a pre-administrative segregation unit from February 20, 2009, through January 7, 2010, he was not given access to his account statements, despite submitting 15 requests. He claims that because he had no proof of his requests, providing the district court with this explanation for his failure to comply would have been "meaningless." Aplt. Br. at 3.

We conclude that Mr. Marshall has failed to establish an abuse of discretion in the district court's assessment of his culpability. To begin with, his protestation that he was unable to make filing-fee payments is unsupported by the record. As the district court observed, the account statements he filed show that he made canteen purchases and filing-fee payments in other actions, despite his consistent negative account balances. In addition, it was not until the magistrate judge recommended dismissal of his case that he proffered any justification for his repeated failures to pay or show cause. His claim that he could not afford the copying fees for account statements is belied by the statements themselves, showing that his account was frequently debited for copying charges. And when

his show-cause deadlines came and went, he never alerted the court that, despite his best efforts, he was having difficulty obtaining his account statements. Neither is there evidence that he was prevented from bringing this issue to the district court's attention. Indeed, he made other filings during several of the months that he failed to pay or show cause. He now offers the excuse that alerting the district court to his difficulties would have been futile. But we do not consider arguments made for the first time on appeal. *See Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 100 F.3d 792, 798–99 (10th Cir.) (declining to consider new theory on appeal, even one "that falls under the same general category as an argument presented [in the district court] or presents a theory that was discussed in a vague and ambiguous way" (internal quotations marks omitted)), *amended on other grounds*, 103 F.3d 80 (10th Cir. 1996).

## *Conclusion*

The district court did not make a clear error of judgment or exceed the bounds of permissible choice under the circumstances in dismissing Mr. Marshall's action. The judgment of the district court is AFFIRMED. We DENY Mr. Marshall's request for leave to proceed without prepayment of the appellate filing fee and direct him to pay the fee in full.

Entered for the Court

Harris L Hartz
Circuit Judge

-9-