NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAURIE LYNNE DUNCAN,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-5067

---

Appeal from the United States Court of Federal Claims in case no. 10-CV-697, Judge George W. Miller.

---

Decided: August 4, 2011

---

LAURIE LYNNE DUNCAN, Of Birmingham, Alabama, pro se.

JOSHUA A. MANDLEBAUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before RADER, *Chief Judge*, PROST, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Laurie Lynne Duncan, pro se, appeals the dismissal of her action by the Court of Federal Claims for failure to comply with a court order, court rules, and applicable pleading requirements. Because we find that the Court of Federal Claims did not abuse its discretion in dismissing this action, we *affirm*.

BACKGROUND

On October 14, 2010, Duncan filed ten documents in the Court of Federal Claims that were labeled as a "complaint" on the court's docket, consisting of the following:

1.   A February 17, 2005 letter from the Federal Bureau of Investigation ("FBI") to Duncan indicating in the first paragraph that her name was referred to the FBI because she was a possible victim of a federal crime. The second paragraph of the letter detailed eight rights that crime victims possess pursuant to 18 U.S.C. § 3771, including the rights to be notified about and to be present at proceedings involving the accused. In the letter Duncan filed, the first paragraph was circled, and the second paragraph was circled and starred;

2.   A February 24, 2005 letter from the United States Attorney's Office for the Northern District of Alabama to Duncan notifying her that charges have been filed against Doris J. Blue and informing Duncan of the date of a sentencing hearing and her right to attend the proceeding;

3.   Duncan's Earnings and Leave Statement from the Department of Veterans Affairs;

4.    A final order from the Alabama Crime Victims' Compensation Commission ("ACVCC"), dated July 15, 2010, denying Duncan's claim for crime victims' compensation benefits.  The order indicates that Duncan claimed that she was a victim of perjury due to a February 2003 affidavit filed in connection with a civil class action lawsuit, in which Duncan was a plaintiff, against the Veterans Affairs Hospital, her employer;

5.   A money order payable to the "Law Office of Jimmy A. Bell, PC";

6.   A February 2003 affidavit signed by Doris J. Blue in a civil action in the United States District Court for the Northern District of Alabama captioned *Hampton v. Department of Veterans Affairs*, Case No. 2:01-cv-1536; and

7-10. Various letters from the ACVCC to Duncan from June to September 2009 regarding her claim for crime victims' compensation benefits.

None of these documents contain any assertions or allegations written by Duncan, and none of the documents bear Duncan's signature.

On December 14, 2010, the Court of Federal Claims entered an order requiring Duncan to file an amended complaint that complies with Rule 11(a) of the Rules of

the United States Court of Federal Claims[1] ("RCFC") and other court rules by January 7, 2011. The order warned that, if the plaintiff fails to do so, the Court "may strike the complaint and dismiss the case." Appellee's Appendix ("AA") 6; *see also* AA 5 (docket entry containing the same warning). Duncan did not take any action in response to the court's order. On January 21, 2011, two weeks beyond the stated deadline, the court issued an order striking Duncan's complaint and dismissing the action without prejudice pursuant to RCFC 11(a), 12(f)(1), and 41(b).[2] AA 6. Judgment was entered pursuant to RCFC 58, and Duncan filed a timely notice of appeal.

## DISCUSSION

We review the Court of Federal Claims' dismissal in this case for an abuse of discretion.[3] *Kadin Corp. v.*

---

[1] In relevant part, RCFC 11(a) provides that, "[e]very pleading, written motion, and other paper must be signed by or for the attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

[2] RCFC 12(f)(1) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." RCFC 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it."

[3] The Court of Federal Claims dismissed this action without prejudice. Although "[o]rdinarily, a dismissal without prejudice is not a final, appealable order," *Turley v. Gaetz*, 625 F.3d 1005, 1008 n.3 (7th Cir. 2010), involuntary dismissals under Rule 41(b), whether with or without prejudice, constitute final, appealable orders. *See, e.g.,*

*United States*, 782 F.2d 175, 176 (Fed. Cir. 1986) (reviewing dismissal under RCFC 41(b)). We will not disturb the trial court's exercise of discretion unless, upon a weighing of relevant factors, we are left with a "definite and firm conviction" that the court below committed a clear error of judgment. *Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990) (quoting *Adkins v. United States*, 816 F.2d 1580, 1582 (Fed.Cir.1987)).

On appeal, Duncan does not explain her failure to respond to the court's order requiring her to file an amended complaint, and she does not otherwise contend that the Court of Federal Claims abused its discretion in dismissing her case. Rather, she appears to argue that she is entitled to compensation under the Crime Victims' Rights Act of 2004 ("CVRA"), 18 U.S.C. § 3771. Because Duncan did not adequately plead a claim under the CVRA in the Court of Federal Claims, we cannot consider the merits of such a claim in the first instance on appeal. *See Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997) ("[T]his court does not 'review' that which was not presented to the district court."). The only issue for this court to consider is whether the Court of Federal Claims abused its discretion in dismissing this action, and we conclude that it did not.

---

*Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Because the court's order [dismissing without prejudice for failure to prosecute] closed the case, it is appealable."); *Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004) ("We have jurisdiction to consider [a challenge to a Rule 41(b) dismissal] because a dismissal without prejudice that does not give leave to amend and closes the case is a final, appealable order under 28 U.S.C. § 1291.") Accordingly, this court has jurisdiction over this appeal.

At most, Duncan asserts unsupported constitutional violations, contending without explanation that the Court of Federal Claims "violated the plaintiff's right of due process" and "the right to protection from intimidation and harassment." Appellant's Informal Br., Response to Question 2. To the extent Duncan is arguing that dismissal for failure to prosecute under RCFC 41(b) is unconstitutional, she offers no basis for that contention, and that argument is without merit. Likewise, there is no support for her unelaborated claim relating to intimidation or harassment, and that argument must be rejected.

Here, the Court of Federal Claims gave Duncan notice that failure to amend her complaint could result in dismissal of her case. In light of Duncan's failure to respond to this order, and based on the serious deficiencies in the "complaint" that made proceeding with the case impossible without clarification of Duncan's allegations, the Court of Federal Claims did not err in dismissing this action. Indeed, under RCFC 11(a), the court was *required* to strike the complaint because it was not signed. *See* RCFC 11(a) ("The court *must* strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.")(emphasis added); *see also* RCFC 12(f)(1) (permitting the court to strike from a pleading "redundant, immaterial, impertinent, or scandalous matter"). Although Duncan is proceeding pro se, the court's order was clear and unambiguous in stating that it could dismiss Duncan's case if she did not submit an amended complaint. *See Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653–54 (Fed. Cir. 1992) ("The court does not expect a pro se litigant to be made to jump through a confusing array of procedural hoops," but "there was nothing mysterious or incomprehensible in the Show Cause Order"). In these circumstances, we find no abuse of discretion.

CONCLUSION

For the reasons stated above, the decision of the Court of Federal Claims dismissing this action is *affirmed*.

COSTS

Each party shall bear its own costs.

**AFFIRMED**