FILED
United States Court of Appeals
Tenth Circuit

December 13, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID ARCH COOK,

        Plaintiff-Appellant,

v.

CENTRAL UTAH CORRECTIONAL
FACILITY; OFFICER SIMPSON,
SMU; SWAT TEAM, CUCF - SMU;
LIEUTENANT JOHNSON, SMU,

        Defendants-Appellees.

No. 11-4090
(D.C. No. 2:10-CV-00278-DB)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

    After David Cook, a Utah state prisoner, brought this pro se § 1983 action

against prison officials, the district court found his complaint legally deficient

and ordered him to amend it. The court detailed the deficiencies it saw in the

complaint and sent Mr. Cook a "Pro Se Litigant Guide," as well as a blank-form

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

civil rights complaint, all to help him remedy the problem. At the same time, the court warned that if Mr. Cook failed to amend his complaint it would dismiss the case without further notice.

Mr. Cook did not heed the warning. Instead of amending his complaint, he filed motion after motion seeking (among other things) discovery and the appointment of counsel.

Even so, the district court didn't immediately dismiss the case but instead gave Mr. Cook a second chance. Among other things, the court issued a new order repeating the complaint's deficiencies and directing Mr. Cook to show cause why his complaint should not be dismissed. Only after Mr. Cook didn't file a timely reply to the show cause order did the court issue an order dismissing his complaint both for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and for failing to follow court orders under Fed. R. Civ. P. 41(b).

Mr. Cook now appeals this decision, but he cannot do so successfully. Rule 41(b) expressly authorizes district courts to dismiss a lawsuit when a litigant fails to follow court orders. *See Rogers v. Andrus Transp. Servs*., 502 F.3d 1147, 1151 (10th Cir. 2007). We review a dismissal under Rule 41(b) for an abuse of discretion, asking whether the district court made "a clear error of judgment or exceed[ed] the bounds of permissible choice in the circumstances." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (quotation marks omitted).

There was no such abuse here. The district court spent a considerable amount of time with this matter, reviewed at least twelve motions, granted several extensions of time, and issued at least five orders, not including the challenged order of dismissal. Meanwhile, Mr. Cook repeatedly ignored the court's directions and the instructions contained in the court-provided Pro Se Litigant's Guide — despite being warned at least twice by the court that a failure to respond would risk dismissal of his case. The simple fact is that no litigant, even a pro se litigant, may repeatedly disregard a court's orders without inviting the lawful possibility that his case might be dismissed. *See Lee v. Max Intern., LLC*, 638 F.3d 1318, 1321-24 (10th Cir. 2011).

Before us, Mr. Cook argues that the district court erred in concluding that his complaint was deficient as a matter of law. But having affirmed the district court's dismissal order under Rule 41(b), we have no need to address whether it was also and independently justified under 28 U.S.C. § 1915(e)(2)(B)(ii) because the complaint failed to state a claim. If Mr. Cook thought his existing complaint was sufficient to state a claim, the time to make that argument was in response to the district court's show cause order. His didn't and his failure to respond to that order was sufficient to support dismissal under Rule 41(b).

The judgment of the district court is affirmed. Mr. Cook's motions to appoint counsel are denied. His motion for permission to proceed on appeal

without prepayment of costs or fees is granted, and we remind him that he must continue making partial payments until the entire filing fee is paid in full.

Entered for the Court


Neil M. Gorsuch
Circuit Judge