**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TYRON JAMES,

     Plaintiff-Appellant,

v.

RAY ROBERTS, Secretary of
Corrections, Kansas Department of
Corrections, in his individual and official
capacity; SAM CLINE, Warden,
Hutchinson Correctional Facility, in his
individual and official capacity; J. W.
MARTIN, Correctional Officer,
Hutchinson Correctional Facility, in his
individual and official capacity; MARC
MORGAN, Correctional Officer,
Hutchinson Correctional Facility, in his
individual and official capacity; RON
BIEBERLE, Correctional Officer,
Hutchinson Correctional Facility, in his
individual and official capacity; JASON
PERRY, Correctional Officer, Hutchinson
Correctional Facility, in his individual and
official capacity; DON MOORE, Unit
Team Manager, Hutchinson Correctional
Facility, in his individual and official
capacity,

     Defendant-Appellees.

No. 11-3330

(D.C. No. 5:11-CV-03129-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

    [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Plaintiff Tyron James, a Kansas state prisoner appearing pro se, filed this 42 U.S.C. § 1983 civil rights action claiming that prison officials violated his constitutional rights during the course of a prison disciplinary proceeding. The district court dismissed the complaint without prejudice after James failed, within the time allotted by the district court in a show cause order, to amend his complaint and pay an initial partial filing fee. James now appeals. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the judgment of the district court.

I

On September 6, 2010, James, while confined at the Hutchinson (Kansas) Correctional Facility, was placed in administrative segregation for allegedly being insubordinate and disrespectful during the "morning meal line." ROA, Vol. 1 at 6. The following day, September 7, 2010, James was provided with a disciplinary report outlining his purported misconduct and listing the alleged infractions. On September 15, 2010, a disciplinary hearing was held to consider the charges against him. James was

apparently removed partway through the hearing because of a dispute between James and the hearing officer regarding the nature and length of James's intended cross-examination of the reporting officer. At the conclusion of the hearing, James was found guilty and punished with 119 days of disciplinary segregation, a $115 fine, and a restriction of privileges.

After exhausting his administrative remedies, James filed a civil action in the District Court of Reno County, Kansas, challenging his disciplinary conviction. On March 4, 2011, that court issued an order concluding "that the handling of the [disciplinary] matter was such that [James] was denied proper process to have someone on his behalf view the security video [of the alleged infractions] and to at least have a staff assistant available to conduct appropriate cross examination of the complaining witness." Id. at 17. Accordingly, the state court remanded "to the hearing officer for the purpose of conducting a new [disciplinary] hearing [that] d[id] not violate [James's] due process rights." Id. at 18. On remand, the disciplinary charges against James were allegedly dropped.

On July 13, 2011, James initiated these proceedings by filing a 42 U.S.C. § 1983 complaint against seven named prison officials. James's § 1983 complaint alleged that the named defendants, who were allegedly involved in the September 2010 disciplinary charges and/or the disciplinary hearing, violated his constitutional rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. The complaint requested declaratory and injunctive relief, actual and punitive damages, and attorneys'

-3-

fees and costs.  Together with his § 1983 complaint, James filed an application to proceed without prepayment of fees or costs under 28 U.S.C. § 1915.  ROA, Vol. 1 at 20.

On July 19, 2011, the district court issued an order granting James's application and "assess[ing] an initial partial filing fee of $25.50."  Id. at 25.  In its order, the district court advised James that he must "pay this initial partial filing fee before [his] action [could] proceed further, and w[ould] be given [thirty days] to submit the fee to the court." Id. at 25-26.  The order also advised that James's "failure to submit the initial fee in the time allotted m[ight] result in dismissal of th[e] action without further notice."  Id. at 26.

In that same order, the district court also screened James's complaint, as required by 28 U.S.C. § 1915, and concluded that James "ha[d] failed to state a claim of federal constitutional violation."  Id. at 27.  The order, however, gave James "time to show cause why th[e] action should not be dismissed for failure to state a claim."  Id. at 28.  But it advised James that "[i]f he fail[ed] to show such cause within the time allotted, th[e] action m[ight] be dismissed without further notice."  Id.

On August 24, 2011, the district court issued an order dismissing the action without prejudice, pursuant to Fed. R. Civ. P. 41(b), "due to [James's] failure to submit the assessed initial partial filing fee and failure to show cause why this action should not be dismissed for failure to state a claim."  Id. at 31.  The district court noted that "[t]he time in which [James] was required to comply [with the show cause order of July 19] ha[d] expired and nothing further ha[d] been submitted by him."  Id. at 30.  The district court entered judgment that same day.

The following day, August 25, 2011, the district court received from James a one-page written response to the July 19, 2011 show cause order. In that response, James attempted to summarize in two paragraphs the nature of his claims against defendants. In the certificate of service attached to the response, James alleged that he mailed the response on August 15, 2011. James did not, however, submit the initial partial filing fee mandated by the district court.

On September 7, 2011, James, having received the district court's order of dismissal and final judgment, filed a motion for reconsideration. James alleged in his motion that he "complied with the order that was given by the court on July 19, 2011, by mailing" both his written response to the show cause order and the mandated partial filing fee. Id. at 35. In support, James alleged that prison authorities withdrew $25.50 from his prison account on August 16, 2011. Id. at 35-36. James did not, however, submit any documentation to support his allegation regarding the withdrawal of funds from his prison account.

The district court treated James's motion as one to alter or amend judgment under Federal Rule of Civil Procedure 59(e) and denied relief. In doing so, the district court concluded that James's response to the show cause order merely restated the allegations of his original complaint and "allege[d] no facts to support th[o]se bald assertions." Id. at 42. Consequently, the district court concluded that "even if [it] were to reopen th[e] case to consider th[e] Response, the action would be dismissed for the same reasons stated in the court's prior orders." Id. at 44. As for James's assertion that prison authorities

-5-

deducted money from his prison account, the district court noted that "[t]he initial partial filing fee [still] ha[d] not been received by the court, and [James] ha[d] not presented any evidence that he caused the fee to be forwarded to th[e] court." Id. at 42.

James now appeals.

II

Federal Rule of Civil Procedure 41(b), the rule relied upon by the district court in dismissing James's complaint, provides, in relevant part: "If the plaintiff fails . . . to comply with [court] rules or a court order, a defendant may move to dismiss the action or any claim against it." We have held that a district court may dismiss a case sua sponte under Rule 41(b). See Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1151 (10th Cir. 2007). We review a dismissal under Rule 41(b) for an abuse of discretion, asking whether the district court made "a clear error of judgment or exceed[ed] the bounds of permissible choice in the circumstances." Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1143 (10th Cir. 2007) (citation, internal quotation marks, and brackets omitted).

We conclude the district court did not abuse its discretion in dismissing James's complaint without prejudice. The record on appeal undisputedly establishes that James neither paid the initial partial filing fee by the deadline mandated by the district court, nor provided the district court with any documentation indicating that he had taken any steps to have prison officials withdraw funds from his prison account for payment of the fee. Although James has now submitted with his appellate brief a copy of a form indicating

-6-

that he made an account withdrawal request to prison officials on August 15, 2011, James did not provide the district court with a copy of that form. Moreover, there is no indication in the record on appeal that the district court clerk's office has ever received any filing fee payment in this case. And, even setting aside the filing fee issue, the record on appeal confirms the district court's conclusion that James's response to the show cause order failed to provide any additional factual details regarding his claims against the defendants.

James's motion for leave to add exhibits to his brief is GRANTED. The judgment of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Chief Judge