**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 2, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHANE JOHNSON,

      Plaintiff - Appellant,

v.

JUSTIN DASH, individually and in his
official capacity as case manager; DONNA
ZAVISLAN, individually and in her
official capacity as Warden; DEBRA
AHLIN, individually and in her official
capacity as committee member; JAMES
OLSON, individually and in his official
capacity as committee chairperson;
CARMEN ESTRADA, individually and in
her official capacity as committee
chairperson; KATHLEEN BOYD,
individually and in her official capacity as
nurse practitioner; DANIEL DEPRIEST,
individually and in his official capacity as
committee member; KERI MCKAY,
individually and in her official capacity as
physician's assistant; HELENE
CHRISTNER, individually and in her
official capacity as nurse practitioner;
JUDITH BEEMAN, individually and in
her official capacity as DOC infection
central nurse; YVONNE SARGENT,
individually and in her official capacity as
CIPS input operator,

      Defendants - Appellees.

No. 15-1392
(D.C. No. 1:12-CV-02400-REB-KMT)
(D. Colo.)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **MATHESON**, **McKAY**, and **O'BRIEN**, Circuit Judges.

———————————————————

Shane Johnson, a Colorado state prisoner proceeding pro se, appeals from two district court orders that adopted the recommendations of the magistrate judge to dismiss or grant summary judgment in favor of the defendants on his claims for the violation of his civil rights under 42 U.S.C. § 1983. Mr. Johnson also appeals from a district court order that denied his motion for an extension of time to file objections to one of the magistrate judge's recommendations. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

The relevant facts were explained in the magistrate judge's first recommendation, which also included a detailed discussion and analysis of Mr. Johnson's claims. We do not repeat the discussion or analysis here other than to state that Mr. Johnson alleged the violation of his civil rights arising from: (1) his

———————————————————

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We issued an order to show cause to Mr. Johnson to demonstrate whether his appeal was timely. After reviewing his response, we conclude that the appeal was timely filed.

placement in administrative segregation; (2) the failure to treat his Hepatitis C; (3) false claims that he assaulted a staff member to justify his placement in administrative segregation with the goal of preventing him from returning to the general population in the event that he prevailed on his motion to dismiss an escape charge; and (4) the failure to allow him confidential communications with his defense attorney.

The magistrate judge issued a fifty-page recommendation on August 27, 2014, which granted in part and denied in part defendants' motion to dismiss or for summary judgment. Mr. Johnson's objections, if any, were due on September 10. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The day his objections were due, Mr. Johnson filed a motion seeking an extension of time through December 8 to file his objections. The district court granted an extension through September 18. But September 18 came and went without any response from Mr. Johnson. On September 23, Mr. Johnson filed a second request for extension of time to file his objections to and including October 17. The court addressed each of Mr. Johnson's arguments and ultimately denied the motion.

We review the district court's decision to deny Mr. Johnson's motion for extension of time for an abuse of discretion. *See generally Duffield v. Jackson*, 545 F.3d 1234, 1240 (10th Cir. 2008). "When the term 'discretion' is involved as a guide to judicial action it means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of

3

the judge to a just result." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007) (internal quotation marks omitted). The court noted Mr. Johnson's arguments that he had limited library time, was involved in other litigation, and desired to distinguish the cases in the magistrate judge's recommendation. The court concluded, however, that neither Mr. Johnson's other litigation matters nor his desire to conduct more research were good grounds for additional time. Given the lengthy history of the litigation, "Mr. Johnson has had ample time to familiarize himself with the issues and authorities on which the defendants rely and which are addressed in the recommendation." R. at 617. This was not an abuse of discretion.

In the absence of any objections, the district court reviewed the magistrate judge's August 27, 2014, recommendation for plain error. *See Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1122 (10th Cir. 2005) ("[P]lain error standard [applies] to [] a *pro se* litigant's failure to object to a magistrates' reports."). The court conducted this review: "Finding no error, much less plain error, in the recommendation of the magistrate judge, I find and conclude that the recommendation should be approved and adopted as an order of this court. The recommendation addresses comprehensively the claims of Mr. Johnson and the legal issues surrounding those claims." R. at 617.

Mr. Johnson's arguments in this court are a rehash of his district court arguments. We have reviewed them and find them without merit. For substantially the same reasons given by the magistrate judge, we affirm the order of the district court that adopted her thorough and well-reasoned recommendation.

4

On August 20, 2015, the magistrate judge issued a second recommendation that disposed of Mr. Johnson's remaining claims against the remaining defendants on summary judgment. This time Mr. Johnson did file objections. Applying a de novo standard of review, *see* 28 U.S.C. § 636(b)(1), the district court overruled Mr. Johnson's objections and after amending the analysis, adopted the magistrate judge's recommendation.

We have reviewed the magistrate judge's August 20, 2015, recommendation and the district court's amended analysis, and find no error. We have also considered Mr. Johnson's arguments and reject them. As such, we affirm the court's order for substantially the same reasons given by the magistrate judge in her recommendation and in the court's amended analysis.[2]

The judgment of the district court is affirmed. We deny Mr. Johnson's motion to strike the defendants' answer brief. We grant Mr. Johnson's motion to proceed in forma pauperis and remind him of his continuing obligation to pay the filing fee in full.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[2] Defendant Keri McKay was never served. Nonetheless, a motion to dismiss was filed on her behalf arguing failure to state a claim for relief. The district court adopted the recommendation of the magistrate judge that Mr. Johnson failed to state a claim for relief against Ms. McKay. Mr. Johnson never mentions that order in his appellate brief and we do not discuss it.