FILED
United States Court of Appeals
Tenth Circuit

June 15, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TROY GUSTAFSON,

     Plaintiff - Appellant,

v.

OFFICER JOHN LUKE,

     Defendant - Appellee.

No. 16-4156
(D.C. No. 2:14-CV-00367-DB)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Troy Gustafson, appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action without prejudice for failure to comply with a court order and

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

failure to prosecute. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

On May 19, 2014, Gustafson, who at the time was a Utah state inmate, filed a pro se complaint pursuant to 42 U.S.C. § 1983 against Utah County Sheriff's Officer John Luke. The complaint alleged that, on an unspecified date, Gustafson "was arrested by deadly force during a simple traffic violation as a passenger of that vehicle."[1] Dist. Ct. Docket No. 3 at 3. The complaint further alleged that Gustafson "was on parole so [he] exited the vehicle and while exiting was ran into 2 times by a 2 ton SUV driven by John Luke." Id. According to the complaint, Luke also "jumped on [Gustafson's] back." Id. Gustafson allegedly learned from a subsequent x-ray that his back "had been broken," but that "Luke [allegedly] helped defer proper medical treatment of [Gustafson's] back." Id.

On November 16, 2015, Luke filed a Martinez report, as well as a motion for summary judgment.[2] On January 28, 2016, Gustafson filed a motion for appointment of counsel, but did not otherwise respond to Luke's motion for summary judgment. The district court denied Gustafson's motion for appointment of counsel on May 19, 2016, and ordered him to file a formal response to the motion for summary judgment within

---

[1] The record on appeal suggests that the incident occurred on or about May 22, 2013.

[2] See Martinez v. Aaron, 570 F.2d 317, 319-20 (10th Cir. 1978) (authorizing district courts to order prison officials to investigate an inmate's § 1983 claims and prepare a report outlining the relevant factual details). We have held that a "Martinez report may not be used to resolve disputed factual issues," but that "an uncontroverted report may serve as the basis for a dismissal" on a Rule 12(b)(6) motion. Gallagher v. Shelton, 587 F.3d 1063, 1067 n.7 (10th Cir. 2009).

thirty days. The order advised Gustafson that "[f]ailure to comply m[ight] result in dismissal of this case." Dist. Ct. Docket No. 37 at 2. On June 6, 2016, Gustafson filed a response to Luke's summary judgment motion. On June 13, 2016, Luke filed a reply in support of his motion for summary judgment.

On July 18, 2016, the district court issued an order directing Luke to file with the court, within fourteen days, a proposed order granting his motion for summary judgment. The order in turn directed Gustafson to "file objections to the Proposed Order within fourteen days of filing of the proposed order." Dist. Ct. Docket No. 41 at 1.

On July 20, 2016, Luke filed a proposed order as directed by the district court. Although Luke mailed a copy of the proposed order to Gustafson at his last known address at the Utah State Prison in Draper, Utah, that copy was returned to Luke with a stamp on the envelope stating, "Left no Forwarding Address." Dist. Ct. Docket No. 43. at 5.

On August 16, 2016, the district court issued a one-page order dismissing Gustafson's complaint without prejudice. In doing so, the district court noted that Gustafson had both failed to respond to Luke's proposed order and to "update[] his address with the Court, as required." Dist. Ct. Docket No. 44 at 1. The district court ordered the case dismissed without prejudice because Gustafson "failed to comply with the Court's order and . . . failed to prosecute his/her case." Id.

On August 26, 2016, Gustafson filed a notice of appeal. The address listed on Gustafson's notice of appeal suggests that he is no longer incarcerated.

II

In his pro se appellate brief, Gustafson asserts that he is appealing the district court's "decision to grant Officer John Luke Immunity for the crime he committed re: Breaking My Back & Paying for It!" Aplt. Br. at 2. Gustafson in turn describes the "First Issue" on appeal as "No Immunity for John Luke." Id. at 3. And he proceeds to argue that the district court erred by granting Luke "immunity" and preventing Gustafson from "be[ing] heard in a court of law" regarding a "crime committed on [him]." Id. at 4.

These arguments, however, display a basic misunderstanding of the district court's ruling. Contrary to Gustafson's arguments, the district court did not grant any type of immunity to Luke, nor did it rule on the merits of Gustafson's claims against Luke. Instead, as we have noted, the district court dismissed Gustafson's complaint without prejudice—meaning that the parties are left in the same position as if no complaint had been filed and leaving open the option of the complaint being refiled—because Gustafson failed to provide the district court and Luke with an updated address and, in turn, did not file a response to Luke's proposed order.

When, as here, a district court *sua sponte* dismisses a case due to the plaintiff's failure to prosecute or to comply with a court order, we review that decision for an abuse of discretion. See Davis v. Miller, 571 F.3d 1058, 1060 (10th Cir. 2009); Rogers v. Andrus Transp. Serv., 502 F.3d 1147, 1152 (10th Cir. 2007). In doing so, we focus on the procedural history of the case. Rogers, 502 F.3d at 1152.

A district court's authority to *sua sponte* dismiss a case is circumscribed by

-4-

Federal Rule of Civil Procedure 41(b). Rule 41(b) states, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

After considering the complete record in this case, we conclude that the district court did not abuse its discretion in dismissing Gustafson's complaint without prejudice. As noted, the district court had previously warned Gustafson that a failure to respond could result in the dismissal of his case. Further, the district court expressly directed Gustafson to file a response to the proposed order filed by Luke. When Gustafson failed to do so, and also failed to provide the court with an updated address, the district court was well within its discretion to dismiss Gustafson's complaint without prejudice.

III

The judgment of the district court is AFFIRMED. Gustafson's motion for leave to proceed on appeal without prepayment of fees is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge