**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 3, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRENDA A. CHARITY,

    Plaintiff - Appellant,

v.

COLORADO SPRINGS POLICE
DEPARTMENT; DAVID FOLEY,
Attorney; DEANA O'REILLY, Public
Defender; DANIEL DONOVAN,
Investigator; A. BREWER, Police Officer;
SAMORREYAN BYRNEY, Deputy
District Attorney; COLORADO SPRINGS
POLICE IMPOUND; SAMUEL
WHITTAKER, Police Detective,

    Defendants - Appellees.

No. 17-1126
(D.C. No. 1:16-CV-03204-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.[**]
_____

    Plaintiff-Appellant Brenda Charity, a state inmate appearing pro se, appeals from

the district court's dismissal of her civil rights complaint made pursuant to 42 U.S.C. §

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

1983.  Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Ms. Charity filed her complaint on December 30, 2016.  Thereafter, the district court ordered Ms. Charity to cure various deficiencies and file an amended complaint within 30 days if she wished to proceed.  In the absence of a response, the district court dismissed the complaint without prejudice for failure to prosecute on March 10, 2017.  Later that same day, an amended complaint was filed.  On March 27, 2017, Ms. Charity filed a letter, which the district court construed as a motion for reconsideration.  See Fed. R. Civ. P. 59(e).  She argued that her amended complaint was timely filed under the prison mailbox rule.  The district court was not persuaded and denied the motion for reconsideration on April 12, 2017, noting that several defects remained uncured.

Ms. Charity's notice of appeal was sent on April 10 and filed on April 13,[1] but it did not (and could not) mention the April 12 order denying her motion for reconsideration.  A subsequent notice of appeal was therefore necessary to appeal from the denial of the motion for reconsideration.  Because the dismissal was all that Ms. Charity could appeal, we can only review the complaint's dismissal.  We review a dismissal for failure to prosecute under the abuse-of-discretion standard.  Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007).

We agree with the district court that the amended complaint was filed untimely.  The amended complaint was filed several days after it was due.  A certificate of mailing attached to the amended complaint indicates Ms. Charity put her amended complaint in

_____

[1]  The motion for reconsideration suspended the time to appeal the original dismissal.  See Fed. R. App. P. 4(a)(4)(B)(ii).

2

the mail on February 22, 2017, which would have been timely. But we cannot rely on February 22 as a reliable date of transmission because Ms. Charity did not so attest in a notarized statement or in a declaration under penalty of perjury. Price v. Philpot, 420 F.3d 1158, 1166 (10th Cir. 2005); see also 1 R. 97. Moreover, Ms. Charity did not indicate that she placed the pleading in the inmate mailing system, or that she gave it to prison authorities. And after reviewing Ms. Charity's amended complaint, it appears that it suffers from several of the same defects as her initial complaint.

AFFIRMED. We DENY IFP and remind Ms. Charity that she is obligated to continue making partial payments of the filing fee until the entire fee has been paid.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge