FILED
United States Court of Appeals
Tenth Circuit

April 21, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TORREY V. BANKS,

    Plaintiff - Appellant,

v.

CAPTAIN KATZENMEYER;
STEPHANIE ENGLAR, FCF Mental
Health Counselor; JERRI SCOLLARD,
Acting FCF Mental Health Supervisor; C.
SOARES, Assistant Warden at CSP;
CAPTAIN ARGUELLO, CSP Mail Room
Supervisor; SGT. CROSLEY; C/O
MALEBRANCHE; CAPTAIN
QUATTLEBAUM,

    Defendants - Appellees.

No. 15-1091
(D.C. No. 1:13-CV-02599-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **PORFILIO**, and **BALDOCK**, Circuit Judges.
_____

Torrey V. Banks filed this pro se civil rights action under 42 U.S.C. § 1983

against employees of the Colorado Department of Corrections (CDOC). He

challenges the district court's dismissal of his First Amendment retaliation claims

_____

    [*]    After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

against defendants Stephanie Englar, Captain Katzenmeyer, and Sergeant Crosley.[1]

We affirm in part, reverse in part, and remand for further proceedings.

"[P]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks omitted). In particular, officials may not retaliate against prisoners for filing administrative grievances. *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). In order to state a First Amendment retaliation claim, Mr. Banks had to allege

> (1) that [he] was engaged in constitutionally protected activity; (2) that the defendant's actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to [his] exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

"We review de novo the [district court's] grant of a [Fed. R. Civ. P.] 12(b)(6) motion to dismiss for failure to state a claim." *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). "To survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face." *Mocek v. City of Albuquerque*, 813 F.3d 912, 921 (10th Cir. 2015) (internal quotation marks omitted). "We accordingly disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.* (internal quotation marks omitted).

---

[1] The parties consented to have a United States magistrate judge conduct all proceedings in this action, including the entry of final judgment. *See* 28 U.S.C. § 636(c).

### 1. Ms. Englar

In his third amended complaint, Mr. Banks alleged that while he was participating in the CDOC's sex-offender treatment program at the Fremont Correctional Facility (FCF), defendant Stephanie Englar, a therapist at FCF, disclosed sensitive information about him to other CDOC officials without his consent. He filed a grievance against Ms. Englar on August 31, 2012. She then allegedly fabricated a sexual harassment claim against him. Mr. Banks was convicted of a disciplinary charge based on her claim and was placed in administrative segregation for approximately 495 days.

To satisfy the third prong of the First Amendment retaliation test, an inmate must allege specific facts showing that "but for the retaliatory motive, the incidents to which he refers . . . would not have taken place." *Peterson*, 149 F.3d at 1144 (internal quotation marks omitted). The district court determined that Mr. Banks supplied only conclusory allegations that retaliatory motives were the "but for" cause of Ms. Englar's sexual harassment complaint against him. We agree.

In *Gee*, we found the "but for" requirement satisfied where the inmate's complaint alleged that the defendants were aware of his protected activity, that the inmate complained of their actions, and the retaliatory action was in close temporal proximity to the protected activity. *Gee*, 627 F.3d at 1189. Here, however, the third amended complaint's generic and unspecific allegations that Ms. Englar filed her claim after Mr. Banks filed his grievance were insufficient to satisfy the "but for" requirement.

To the extent the complaint relied on conclusory allegations that Ms. Englar's claim was "fabricated" and "[b]ogus" to infer that she would not have filed it absent a retaliatory motive, Aplt. App., Vol. 1 at 151, these allegations were also insufficient to establish "but for" causation. The complaint failed to allege specific, objective facts from which it could plausibly be inferred that Ms. Englar's claim was pretextual.[2] In sum, the district court properly dismissed the claim against Ms. Englar for failure to adequately allege specific facts showing that her sexual harassment claim would not have been filed absent a retaliatory motive.[3]

## 2. Captain Katzenmeyer

As part of his third amended complaint, Mr. Banks alleged that Captain Katzenmeyer engaged in certain hostile actions toward him. Mr. Banks responded to these actions by "inform[ing] Captain Katzenmeyer that he planned to pursue legal action, to which Captain Katzenmeyer informed [Mr. Banks that he] would instruct his staff to write [Mr. Banks] up at random[.]" *Id.* at 152. The complaint further

---

[2] To the extent the allegations that Ms. Englar's claim was "fabricated" or "bogus" reflects Mr. Banks's subjective conclusion concerning the claim, they are insufficient to allege a retaliatory motive. *Cf. Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1165 (10th Cir. 2009) ("A plaintiff's subjective beliefs about why the government took action, without facts to back up those beliefs, are not sufficient to create a genuine issue of fact" concerning First Amendment retaliation claim).

[3] Because the conclusory nature of Mr. Banks's allegations provides a sufficient ground for upholding the dismissal, we need not reach the district court's alternate rationale: that according to the third amended complaint Mr. Banks was already in segregation when Ms. Englar allegedly made the fabricated sexual harassment claim against him. *See Peterson*, 149 F.3d at 1144 (holding that filing of lawsuit was not "but for" cause of placement into segregation when such placement occurred before the suit was filed).

4

alleged that "[i]n light of this threat, [he] received *multiple* fabricated reports (written by C/O Estrada, C/O Malebranche, and C/O Watkins) within a six day period from 12-22-12 to 12-28-12." *Id.* (internal quotation marks omitted).

These allegations were sufficient to state a First Amendment retaliation claim. First, the complaint alleged sufficient facts to satisfy the first element of the retaliation test. By telling Captain Katzenmeyer that he planned to pursue legal action, Mr. Banks engaged in constitutionally protected activity.

Concerning the second element, the defendants argue that Mr. Banks failed to adequately plead facts showing an injury, because (1) he "did not explain the reports [made against him] sufficiently . . . to show that he suffered an injury," and (2) he "failed to allege that these alleged reports resulted in any disciplinary proceedings." Aplee. Br. at 17. Although the complaint did not specify what the retaliatory write-ups were about, or affirmatively state that they led to disciplinary proceedings or punitive measures, it alleged a sufficient showing of injury to survive a motion to dismiss. The allegation of multiple "fabricated" write-ups within a short period of time presents a sufficient allegation of injury to satisfy the "chill" test. *See, e.g.*, *Dixon v. Brown*, 38 F.3d 379, 379 (8th Cir. 1994) ("Because the retaliatory filing of a disciplinary charge strikes at the heart of an inmate's constitutional right to seek redress of grievances, the injury to this right inheres in the retaliatory conduct itself.").

The complaint also sufficiently stated facts to satisfy the third element of the test: retaliatory motive. It alleged that in response to Mr. Banks's threat to take legal

5

action, Captain Katzenmeyer responded that he would have his staff write Mr. Banks up at random, and that in fact, Mr. Banks subsequently received multiple, fabricated reports.[4]  Thus, Captain Katzenmeyer allegedly announced his intent to retaliate, and allegedly (through his staff), did so.  These facts satisfied the "but for" test for purposes of a motion to dismiss.  We therefore reverse the district court's dismissal of this claim.

### 3.  Sergeant Crosley

Finally, the third amended complaint alleged that

> [b]ecause of the nature of his [disciplinary] write up, and his classification as a Sex Offender . . . Sgt. Crosley . . . began harassing [Mr. Banks] after reviewing his file from FCF, which eventually led to another Bogus sexual harassment claim being filed against [him]. . . .  [Mr. Banks] wrote a grievance on Sgt. Crosley prior to her writing him up for Sexual Harassment.

Aplt. App., Vol. 1 at 153-54.

The allegation that Sergeant Crosley "harass[ed]" Mr. Banks was insufficiently specific to satisfy the "harm" element of the retaliation test.  Although a filing of a false charge of sexual harassment might satisfy the harm element, the conclusory allegation that Sergeant Crosley filed the charge after Mr. Banks filed a grievance against her did not satisfy the "but for" element.  We therefore affirm the dismissal of this claim.

---

[4]    Even though the complaint asserted in only conclusory fashion that the grievances were fabricated or false, the allegations were sufficient to establish "but for" causation, given the allegation that Captain Katzenmeyer had directly announced his intention to retaliate through the use of multiple write-ups.

We reverse the district court's dismissal of Mr. Banks's First Amendment retaliation claim against Captain Katzenmeyer, and remand for further proceedings. We affirm the remainder of the judgment of dismissal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge