**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 1, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TORREY V. BANKS,

    Plaintiff - Appellant,

v.

CAPTAIN KATZENMEYER,

    Defendant - Appellee.

No. 16-1276
(D.C. No. 1:13-CV-02599-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Torrey V. Banks, proceeding pro se, appeals the district court's order

dismissing his 42 U.S.C. § 1983 action against Captain Katzenmeyer for failure to

prosecute. The district court's dismissal was without prejudice, but we have

jurisdiction under 28 U.S.C. § 1291 because the order of dismissal effectively closed

the case. *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001)

("Although a dismissal without prejudice is usually not a final decision, where the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable."). We affirm.

## I. Background

While Banks was a prisoner in the custody of the Colorado Department of Corrections (CDOC), he filed a pro se civil rights action under § 1983, alleging that dozens of CDOC's employees violated his constitutional rights in a multitude of ways. The district court dismissed all claims against all parties. Banks then secured counsel and appealed the dismissal of only one claim: his First Amendment claim that Katzenmeyer and two other corrections officers retaliated against him for filing prison grievances. In case number 15-1091, this court reversed and remanded with respect to the retaliation claim against Katzenmeyer but affirmed as to the remaining defendants. *Banks v. Katzenmeyer*, 645 F. App'x 770, 774 (10th Cir. 2016).

On remand, the district court was unable to contact Banks to apprise him of deadlines and upcoming proceedings because he failed to update his address as required by the local rules of practice. *See* D.C.COLO.LCivR 5.1(c); D.C.COLO.LAttyR 5(c). Thus, court mailings were returned as undeliverable. And Banks himself did not contact the district court or otherwise pursue his remaining claim. Consequently, the district court issued an order to show cause—noting its lack of formal or informal contact with Banks for close to a year and directing him to show cause why the case should not be dismissed for failure to prosecute or, in the alternative, to file a written notice of address change. When Banks failed to respond by the designated deadline, the district court concluded he had abandoned his lawsuit

2

and dismissed the claim without prejudice for failure to prosecute. In so doing, the district court cited Fed. R. Civ. P. 41(b) and applied the pertinent factors under our caselaw.

## II.     Analysis

Banks now asks us to reverse the district court's dismissal order in the interests of justice. He argues that his appellate lawyer provided negligent representation because he was supposed to serve as Banks's attorney at all stages of the litigation and only advised him of his inability to represent him on remand *after* the deadline to respond to the show-cause order. According to Banks, these circumstances constitute excusable neglect.

Because Banks is proceeding pro se, "we construe his pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). We make some allowances for deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Id.*

Banks has not satisfied the highly deferential standard that applies here. "We review an order of dismissal for failure to prosecute under an abuse-of-discretion standard." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007). A district court abuses its discretion if it "makes a clear error of judgment or exceeds the bounds of permissible choice in the circumstances." *Ecclesiastes 9:10-11-12,*

3

*Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (alterations and internal quotation marks omitted). Whether a dismissal is justified depends on the procedural history of a case. *Rogers*, 502 F.3d at 1152. "A district court undoubtedly has discretion to sanction a party for failing to prosecute . . . a case, or for failing to comply with local or federal procedural rules." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks omitted).

The dismissal here was well within the district court's authority. Federal Rule of Civil Procedure 41(b) authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Courts can dismiss actions sua sponte for failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."). If the dismissal is with prejudice, the district court must apply the factors we listed in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)—namely, "(1) the degree of actual prejudice to the defendant"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Id.* at 921 (internal quotation

4

marks omitted).  But if the dismissal is without prejudice, such an analysis is not necessary.  *See AdvantEdge*, 552 F.3d at 1236.

"[T]he need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  *Rogers*, 502 F.3d at 1152.  The district court went to great lengths to articulate the ways in which Banks failed to comply with this precept.  It explained that he did not (1) respond to the order to show cause or (2) notify the court of his change of address as required by the local rules, even though his past actions show he was aware of the requirement.  In addition, it did more than is required for a dismissal without prejudice when it recited and applied the *Ehrenhaus* factors.

Furthermore, the record does not support Banks's contention that his appellate attorney agreed to represent him on remand; to the contrary, the fee agreement submitted to the district court, on its face, covers only his civil appeal in case number 15-1091 and explains that a separate fee agreement is required should the client require representation on other cases.  Regardless, the appellate attorney sent a letter confirming he was not going to represent Banks on remand seventeen days before the district court issued its dismissal order and a month before final judgment was entered.  Yet Banks did not contact the court to explain his situation or otherwise pursue his § 1983 claim during that time frame.

## III.    Conclusion

Under these circumstances, the district court did not abuse its discretion in dismissing Banks's claim without prejudice.  We therefore affirm the dismissal order. Banks's motion for leave to proceed without prepayment of costs and fees is granted.

Entered for the Court


Bobby R. Baldock
Circuit Judge